# MAYER · BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

July 10, 2013

BY EMAIL

Hon. Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl St.
New York, N.Y. 10007

Michael O. Ware
Direct Tel +1 212 506 2593
mware@mayerbrown.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **7-11-13**

Re:   FGIC v. GMAC Mortgage et al., FGIC v. Ally Financial et al.

| 11 Civ. 9729 (PAC) | 12 Civ. 780 (PAC) |
| 12 Civ. 338 (PAC) | 12 Civ. 1601 (PAC) |
| 12 Civ. 339 (PAC) | 12 Civ. 1658 (PAC) |
| 12 Civ. 340 (PAC) | 12 Civ. 1818 (PAC) |
| 12 Civ. 341 (PAC) | 12 Civ. 1860 (PAC) |

Dear Judge Crotty:

We represent defendants Ally Financial Inc. and Ally Bank in those of the above-referenced actions in which they have been named. This letter is the all-party status report required under the Court's memorandum endorsement of May 13, 2013.

Plaintiff Financial Guaranty Insurance Company and my clients are pleased to report that, under the stipulated order of the bankruptcy court annexed as Exhibit A, these actions are stayed indefinitely. In short, as detailed in the stipulation, many key participants in the bankruptcy cases, including Ally Financial and FGIC, are parties to an approved Plan Support Agreement for a Chapter 11 plan of reorganization. If confirmed by the bankruptcy court, that plan will lead to the dismissal of these actions with prejudice. All counsel accordingly suggest that they be directed to submit a further status report within 20 days of any bankruptcy court action lifting the stay of these cases – or (we hope) requiring the actions' consensual dismissal.

Respectfully submitted,

Michael O. Ware

SO ORDERED: **7-11-13**

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Mayer Brown LLP

Hon. Paul A. Crotty
July 10, 2013
Page 2

cc by email:

     Howard F. Sidman, Esq.
     Michael O. Thayer, Esq.
     *Jones Day for FGIC*

# Exhibit A to July 10, 2013 Letter to Judge Crotty

## *Bankruptcy Court Stipulation and Order*
### Entered June 10, 2013

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC., et al.

Debtors.

) Chapter 11
)
)
) Case No. 12-12020 (MG)
)
) Jointly Administered
)

## STIPULATION AND ORDER
### (A) STAYING PROSECUTION OF CERTAIN LITIGATION
### AND DISCOVERY AGAINST PARTIES TO THE PLAN SUPPORT
### AGREEMENT AND (B) TOLLING RELATED STATUTES OF LIMITATION

Subject to Bankruptcy Court approval, this stipulation (the "**Stipulation**") is made and

entered into by, between and among Residential Capital, LLC ("**ResCap**") and its debtor

affiliates (collectively, the "**Debtors**"), Ally Financial Inc. ("**AFI**") and its direct and indirect

subsidiaries excluding the Debtors (collectively, "**Ally**"), the Official Committee of Unsecured

Creditors (the "**Creditors' Committee**"), and the Consenting Claimants (together with the

Debtors, Ally, and the Creditors' Committee, the "**Parties**").[1] The Parties intend this Stipulation

---

[1] Capitalized terms used in this Stipulation without definition have the meaning ascribed to them in the plan
support agreement [ECF No. 3814, Ex. 3] (the "**Plan Support Agreement**") entered into amongst the Parties.
The "**Consenting Claimants**" include AIG Asset Management (U.S.), LLC, as investment advisor for certain
affiliated entities that have filed proofs of claim in the Debtors' chapter 11 cases; Allstate Insurance Company
and its subsidiaries and affiliates; Deutsche Bank National Trust Company and Deutsche Bank Trust Company
Americas, each solely in its capacity as trustee, indenture trustee, securities administrator, co-administrator,
paying agent, grantor trustee, custodian and/or similar agency capacities in respect of certain of the RMBS
Trusts; Financial Guaranty Insurance Corporation; HSBC Bank USA, N.A., solely in its capacity as trustee in
respect of certain of the RMBS Trusts; the Kessler Class Claimants; Law Debenture Trust Company of New
York, solely in its capacity as separate trustee in respect of certain of the RMBS Trusts; Massachusetts Mutual
Life Insurance Company and its subsidiaries and affiliates; MBIA Insurance Corporation and its subsidiaries
and affiliates; certain funds and accounts managed by Paulson & Co. Inc.; Prudential Insurance Company of
America and its subsidiaries and affiliates; the Steering Committee Consenting Claimants; certain holders of the
Senior Unsecured Notes issued by ResCap; The Bank of New York Mellon and The Bank of New York Mellon
Trust Company, N.A., each solely in its capacity as trustee, indenture trustee, securities administrator, co-
administrator, paying agent, grantor trustee, master servicer, custodian and/or similar agency capacities in
respect of certain of the RMBS Trusts; the Talcott Franklin Consenting Claimants; U.S. Bank National
Association, solely in its capacity as trustee, indenture trustee, securities administrator, co-administrator, paying
agent, grantor trustee, custodian and/or similar agency capacities in respect of certain of the RMBS Trusts;
Wells Fargo Bank, N.A., solely in its capacity as trustee, indenture trustee, securities administrator, co-
administrator, paying agent, grantor trustee, custodian and/or similar agency capacities in respect of certain of

1

to fulfill a condition in the Plan Support Agreement that the Creditors' Committee, Ally, and
each Consenting Claimant stay all litigation (including contested motions) and discovery or the
pursuit of any actual or potential Causes of Action pending against or subject to tolling
agreements with, the Debtors or Ally, or the pursuit to obtain standing to pursue such litigation
or any such Causes of Action (the "*Stayed Actions*").[2]

WHEREAS, venue of this proceeding in this District is proper pursuant to 28 U.S.C.
§§ 1408 and 1409; and

WHEREAS, the Parties entered into the Plan Support Agreement on or about May 13,
2013;

NOW THEREFORE, the Parties have reached the following agreement:

1. As long as the Plan Support Agreement has not been terminated (the "*Stay
Period*"), each of the Parties agrees to stay all litigation (including contested motions) and
discovery or the pursuit of any actual or potential Causes of Action pending against, or subject to
tolling agreements with, the Debtors or Ally, or the pursuit to obtain standing to pursue such
litigation or any such Causes of Action, except as specifically provided in paragraph 2 below.

2. Notwithstanding paragraph 1 above:

   a.    the Kessler Class Claimants may continue to prosecute their class claims
         and the *Motion to Apply Bankruptcy Rule 7023 and to Certify Class
         Claims* [ECF No. 2044] as they deem necessary consistent with the Plan
         Support Agreement; and

   b.    any Investor may continue to prosecute Causes of Action against any party
         other than Ally, the Debtors, or their respective Representatives.

---

the RMBS Trusts; and Wilmington Trust, National Association, not individually, but solely in its capacity as
Indenture Trustee for the Senior Unsecured Notes issued by ResCap.

[2]   Plan Support Agreement, § 4.1(d).

2

3.      During the Stay Period, all Parties will preserve documents, data, and tangible things currently in their possession, custody, and control that are subject to discovery in the Stayed Actions.

4.      The Parties agree to toll any statute or period of limitations, statute of repose, or other time-based limitations or defenses which might be asserted as a time bar and/or limitation to any claim that could be asserted against them by the Parties in those Stayed Actions during the Stay Period, and the Parties shall forebear bringing any lawsuits against the Parties during the Stay Period.    Nothing in this Stipulation shall operate (or constitute an agreement or requirement) to revive or extend the time for filing any claim against a Party in any Cause of Action that is now time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the date of this Stipulation.    Additionally, Ally agrees that all statutes of limitations for any Causes of Action against the Debtors or Ally relating to the Debtors (whether currently pending or tolled) that have not run prior to the date of entry into the Plan Support Agreement shall be tolled until 70-days following the termination of the Plan Support Agreement or the effective date of the Plan.

5.      The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

6.      Except as specifically provided for herein, the Parties reserve all rights and defenses they may have in any Stayed Actions or the above-captioned bankruptcy case, and entry into this Stipulation shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

7.      This Stipulation is without prejudice to any further requests for an order pursuant to 11 U.S.C. §§ 362(a)(1) and/or 362(a)(3) extending the automatic stay imposed by 11 U.S.C.

3

§ 362(a) to the continued prosecution of the Stayed Actions against the Parties or, in the alternative, for entry of an order pursuant to 11 U.S.C. §105(a) enjoining and prohibiting the continued prosecution of the Stayed Actions against the Parties, or the right of any party to contest such requests.

8.     Notwithstanding anything to the contrary herein, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

*[Remainder of page intentionally left blank]*

4

Dated: June 10, 2013

           RESIDENTIAL CAPITAL, LLC for itself and its
           Debtor subsidiaries

           By:    Morrison & Foerster LLP

           By:   */s/ Stefan W. Engelhardt*
           Name: Stefan W. Engelhardt
           Title:  Counsel to the Debtors and Debtors in
                 Possession

Dated:  June 10, 2013

                    ALLY FINANCIAL INC. on behalf of itself and its
subsidiaries and affiliates (excluding the Debtors
and their direct and indirect subsidiaries)

By:    Kirkland & Ellis LLP

By:   _/s/ Ray C. Schrock_____
Name: Ray C. Schrock
Title:  Counsel to the Ally Financial Inc. and Ally
       Bank

Dated: June 10, 2013

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS

By:    Kramer Levin Naftalis & Frankel LLP

By:    */s/ Kenneth H. Eckstein*
Name: Kenneth H. Eckstein
Title:  Counsel to the Official Committee of
       Unsecured Creditors

Dated: June 10, 2013

AIG ASSET MANAGEMENT (U.S.), LLC, as
investment manager for certain affiliated funds and
accounts

By:    Quinn Emanuel Urquhart & Sullivan, LLP

By: ___ */s/ Scott Shelley* _____
Name: Scott Shelley
Title:  Counsel and Authorized Attorney-in-Fact
       for AIG Asset Management (U.S.), LLC

8

Dated: June 10, 2013

ALLSTATE INVESTMENTS, LLC and
ALLSTATE INVESTMENT MANAGEMENT
COMPANY, as financial advisors to the Allstate
holder Investors, as their interests may appear

By:     Quinn Emanuel Urquhart & Sullivan, LLP

By:  ___*/s/ Daniel L. Brockett*_____
Name: Daniel L. Brockett
Title: Counsel and Authorized Attorney-in-Fact
        for Allstate Insurance Company, Allstate
        Life Insurance Company, Allstate Bank
        (f/k/a Allstate Federal Savings Bank),
        Allstate New Jersey Insurance Company,
        American Heritage Life Insurance
        Company, First Colonial Insurance
        Company, Allstate Life Insurance Company
        of New York and Allstate Retirement Plan

Dated: June 10, 2013

FINANCIAL GUARANTY INSURANCE
COMPANY

By:   BENJAMIN M. LAWSKY
Superintendent of Financial Services of the
State of New York, as Rehabilitator of
Financial Guaranty Insurance Company

By:   *Peter A. Giacone*
Name: Peter A. Giacone
Title:  Chief Financial Officer and Agent of
Benjamin M. Lawsky, Superintendent of
Financial Services of the State of New York,
as Rehabilitator of Financial Guaranty
Insurance Company

10

Dated: June 10, 2013

COMMERCE STREET INVESTMENTS; PARK
PLACE COMMERCE INVESTMENTS, LLC;
PRU ALPHA FIXED INCOME OPPORTUNITY
MASTER FUND I, L.P.; PRUCO LIFE
INSURANCE COMPANY; PRUCO LIFE
INSURANCE COMPANY OF NEW JERSEY;
PRUDENTIAL ANNUITIES LIFE ASSURANCE
CORPORATION; PRUDENTIAL INVESTMENT
PORTFOLIOS 2; PRUDENTIAL RETIREMENT
INSURANCE & ANNUITIES COMPANY;
TOTAL RETURN BOND FUND INC.;
PRUDENTIAL TRUST COMPANY; THE
GIBRALTAR LIFE INSURANCE COMPANY,
LTD.; THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA; THE PRUDENTIAL
SERIES FUND

By:     Quinn Emanuel Urquhart & Sullivan, LLP

By: ___ /s/ Daniel L. Brockett _____

Name: Daniel L. Brockett

Title:  Counsel and Authorized Attorney-in-Fact
        for Commerce Street Investments, Park
        Place Commerce Investment, LLC, Pru
        Alpha Fixed Income Opportunity Master
        Fund I, L.P., Pruco Life Insurance
        Company, Pruco Life Insurance Company of
        New Jersey, Prudential Annuities Life
        Assurance Corporation, Prudential
        Investment Portfolios 2, Prudential
        Retirement Insurance & Annuities
        Company, Prudential Total Return Bond
        Fund, Inc., Prudential Trust Company, The
        Gibraltar Life Insurance Company, Ltd., The
        Prudential Insurance Company of America,
        The Prudential Series Fund

11

Dated:  June 10, 2013

THE BANK OF NEW YORK MELLON TRUST
COMPANY, N.A., and THE BANK OF NEW
YORK MELLON as Trustee

By:    Dechert LLP

By:    *Glenn E. Siegel*

Name: Glenn E. Siegel

Title:  Counsel to The Bank of New York Mellon
Trust Company, N.A., as Trustee and The
Bank of New York Mellon, as Trustee

12

Dated: June 10, 2013

> DEUTSCHE BANK TRUST COMPANY
> AMERICAS, as Trustee
>
> By:      Morgan, Lewis & Bockius LLP
>
>
> By: ___ */s/ James L. Garrity, Jr.* _____ _____
> Name: James L. Garrity, Jr.
> Title: Counsel to Deutsche Bank Trust Company
>        Americas, as Trustee of Certain Mortgage
>        Backed Securities Trusts
>
>
> DEUTSCHE BANK NATIONAL TRUST
> COMPANY, as Trustee
>
> By:      Morgan, Lewis & Bockius LLP
>
> By: ___ */s/ James L. Garrity, Jr.* _____ _____
> Name: James L. Garrity, Jr.
> Title: Counsel to Deutsche Bank Trust Company
>        Americas, as Trustee of Certain Mortgage
>        Backed Securities Trusts

13

Dated: June 10, 2013

LAW DEBENTURE TRUST COMPANY OF
NEW YORK, solely in its capacity as Separate
Trustee in respect of certain of the RMBS Trusts

By: _____ */s/ Thomas Musarra*_____ _____
Name: Thomas Musarra
Title:   Senior Vice President

14

Dated: June 10, 2013

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

By:    Quinn Emanuel Urquhart & Sullivan, LLP

By:    */s/ Eric Winston*
Name: Eric Winston
Title: Counsel and Authorized Attorney-in-Fact
       for Massachusetts Mutual Life Insurance
       Company

15

Dated: June 10, 2013

WILMINGTON TRUST, NATIONAL
ASSOCIATION, solely in its capacity as Indenture
Trustee for the Senior Unsecured Notes

By: ___ */s/ Peter Finkel* _____ ___
Name: Peter Finkel
Title:   Vice President

16

Dated:  June 10, 2013

PAULSON & CO. INC., on behalf of funds and
accounts managed by it

By: ___ */s/ Michael Waldorf* _____ ___
Name:  Michael Waldorf
Title:   Authorized Signatory

17

**SO ORDERED.**

Dated: June 10, 2013
    New York, New York

                    **/s/Martin Glenn**

                    MARTIN GLENN
                United States Bankruptcy Judge

18